UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.    3:14cr98/MCR/CJK
                                                   3:16cv146/MCR/CJK

RODNEY D. RIES
        No. 23205-017
_____/

## REPORT AND RECOMMENDATION

Defendant Rodney D. Ries has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" along with a supporting memorandum and affidavit.   (ECF Nos. 635, 637, 639.) The Government filed a response in opposition.   (ECF No. 653.)   Defendant Ries did not file a reply despite the court's specific instructions to do so.   (ECF No. 682.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   The court recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

On December 16, 2104, a grand jury returned a four-count superseding indictment charging Defendant Rodney D. Ries and twelve others with controlled substance, communications, and financial offenses.    (ECF No. 131.)    Ries was charged in Count One with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, and in Count Two with conspiracy to use a cellular telephone to facilitate the commission of a felony.    Defendant was not charged in the remaining two counts.    The charges against him were the same as charged in the original December 3, 2014, indictment.    (ECF No. 39.)

Appointed attorney Clinton Couch represented Defendant.    On January 9, 2015, Defendant pleaded guilty pursuant to a written plea agreement, factual basis and supplement.    (ECF Nos. 182-184.)

The Presentence Investigation Report ("PSR") assessed a base offense level of 34.    Ries received a two-level adjustment for maintaining a premise for the purpose of manufacturing or distributing a controlled substance, a two-level adjustment because the offense was part of a pattern of criminal conduct engaged in as a livelihood, a three-level adjustment for his managerial role in the offense

conduct and a two-level adjustment for obstruction of justice.    (ECF No. 362, PSR ¶¶ 126, 127, 129, 130.)    The adjusted offense level of 43 was reduced by three levels for Defendant's acceptance of responsibility.    (*Id.,* PSR ¶¶ 131-134(B).) Ries had ten criminal history points and a corresponding criminal history category of V.    (*Id*. PSR ¶¶ 136-143.)

The court sentenced Defendant to a total term of 360 months' imprisonment, consisting of 360 months on Count One and 48 months on Count Two, with the terms to run concurrently to each other.    (ECF Nos. 403, 404, 587.)    Ries did not appeal.

In the present motion, Defendant contends that counsel was constitutionally ineffective, advancing seven areas of alleged error.    In his supporting memorandum, he also incorporates a claim that counsel was ineffective for failing to file an appeal, a claim not mentioned on the § 2255 form.    The Government filed a response in opposition to Defendant's motion, arguing that it should be denied without an evidentiary hearing.    This court entered a detailed order directing Defendant to reply to the evidence provided by the Government in rebuttal to his claim regarding an appeal and warning him that failure to respond could be construed

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

as abandonment of this ground for relief.    (ECF No. 682.)    Defendant filed
nothing further with the court.

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction
and sentencing."    *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).
Collateral review is not a substitute for direct appeal, and therefore the grounds for
collateral attack on final judgments pursuant to § 2255 are extremely limited.    A
prisoner is entitled to relief under section 2255 if the court imposed a sentence that
(1) violated the Constitution or laws of the United States, (2) exceeded its
jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise
subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657
F.3d 1190, 1194 n.8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved
for transgressions of constitutional rights and for that narrow compass of other injury
that could not have been raised in direct appeal and would, if condoned, result in a
complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232
(11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice"
exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that

it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Because a motion to vacate under § 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred.   *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quotation omitted).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A

meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland*'s two-part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 163 (*quoting Hill*, 474 U.S. at 59). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need

not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

     In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.    When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."    *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable."    *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).    For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."    *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).    A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."    *Lockhart*, 506 U.S. at 369 (*quoting Strickland*, 466 U.S. at 687).    Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.    *Glover v. United States*, 531

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*,

518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop‑Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Ries first claims that counsel was ineffective because he did not "investigate and object to drug attribution."    (ECF No. 635 at 4, ECF No. 637 at 8-9.)    Ries asserts that counsel's failure to object to the drugs attributed to him was unreasonable "in light of the circumstantial evidence."    (ECF No. 637 at 9.)

As the district court noted at sentencing, the conspiracy charged in this case was extensive.   (ECF No. 587 at 38.)   The quantity of drugs attributed to Ries was based on his own admissions.   Counsel's affidavit reflects that the Government had several photographs of his client engaged in a "sizable drug delivery and substantial payment."   (ECF No. 653-1 at 4.)   The Factual Basis for Guilty Plea, which Ries swore under oath at his plea hearing was true and correct, attributed in excess of 50 kilograms of cocaine to him.   (ECF No. 183 at 2, ECF No. 651 at 18-19.)   This amount was used in the final PSR to determine the base offense level and ultimately the sentence.   (ECF No. 362, PSR ¶¶ 116, 125.)

Defendant, perhaps recognizing the fragility of this ground, offers nothing further in support of his conclusory claim that counsel should have challenged this amount, such as a basis for the objection he now asserts counsel should have made. No relief is warranted on this conclusory claim.

Ground Two

Defendant next claims that counsel was ineffective because he did not "correctly" argue against the role enhancement.   Defendant's argument appears to be that he should have received a two-level enhancement rather than three levels for his role in the offense. (ECF No. 637 at 9-10.)

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

The PSR added a three-level adjustment because Ries was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive.    (ECF No. 362, PSR ¶ 129.)    At sentencing counsel strenuously argued that the adjustment should not apply.    (ECF No. 587 at 32-35.) The court rejected that argument.    Ries correctly notes the court stated that "at a minimum" he would qualify for the two levels for a minimal participant.    (*Id.* at 38-39.)    However, the court noted that the adjustment for "maintaining a premises" would not be applied without an aggravating role adjustment also applying.    (*Id.* at 40.)    Furthermore, the court also appeared to suggest that a four-level adjustment could have been appropriate, before determining that it would "leave it at the manager/supervisor."    (*Id.* at 39-41.)    Again, Ries has not identified a meritorious argument counsel could have made that would have changed the outcome of the proceedings, and he is not entitled to relief.

Ground Three

At sentencing, attorney Couch withdrew the objection to the enhancement for maintaining a premises.    Ries claims this was constitutionally ineffective because the adjustment had an effect on the court's determination of the role adjustment, as set forth in the previous claim.    The record reflects that counsel initially objected

on the basis that access to the premises in question was not strictly controlled and there were people uninvolved in the conspiracy who were occasionally present. (ECF No. 587 at 5.)    The court inquired as to which of two premises the objection was directed — the Ira Drive or the Stockdale address.    When defense counsel indicated it was the Ira Drive location, the Government clarified that it was not that address, but the Stockdale address that the Government believed to be Defendant's stash house.    Couch consulted with his client off the record before informing the court that Ries wished to withdraw the objection.    (*Id*.)    Defendant's suggestion that the success of this objection would have eliminated the role enhancement is a misstatement.    This enhancement was but one of several factors that supported the application of the role enhancement.    Defendant has not shown that counsel's performance was constitutionally deficient.

Ground Four

Ries contends that counsel was ineffective because Couch "prevented" him from testifying at sentencing by "refusing" to call him to the stand.    (ECF No. 637 at 11; ECF No. 639 at 1.)    Again, Ries is factually mistaken.    The sentencing transcript reflects that when the court asked the parties if they had any argument, counsel interjected to advise the court he had anticipated Ries testifying about the

enhancements.    (ECF No. 587 at 29.)    However, after a consultation between Couch and Ries, counsel informed the court that Ries had decided not to testify. (*Id.*)    Couch explained that he advised Ries not to testify because of his concern that if the court found Ries untruthful, the situation could become much worse. (ECF No. 653-1 at 5.)    Ries did not speak up or contradict counsel, and he declined the opportunity to speak in allocution when later given the opportunity to do so. (ECF No. 587 at 46-47.)    This claim is belied by the record and shows no entitlement to relief.

Ground Five

Defendant claims that counsel was constitutionally ineffective because he failed "to object to financial transactions."    (ECF No. 635 at 4.)    Defendant did not expand upon this ground for relief in his memorandum or mention it in his affidavit.    Counsel's affidavit mentions reviewing "certified financial records" from the Government's discovery, but the significance of the documents is not apparent.    (ECF No. 653-1 at 3.)    A vague and conclusory assertion, to which the Government was unable to even respond (ECF No. 653 at 13), and the import of which the court cannot divine, does not warrant relief.

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

Ground Six

Ries contends that counsel did not explain the application of the federal sentencing guidelines to his case before advising him to plead guilty.   (ECF No. 639 at 1.)   Once again, Defendant's memorandum offers no additional facts in support of his claim, and he does not indicate how whatever happened affected his decision to plead guilty or otherwise prejudiced him.   Additionally, the bald assertion is contradicted by both the affidavit of his former attorney who asserts that he discussed the sentencing guidelines with Defendant (ECF No. 653-1 at 4), and by Ries himself who told the court under oath that he had spoken with defense counsel about the sentencing guidelines before entering his plea.   (ECF No. 651 at 24.) No relief is warranted.

Ground Seven

Ries asserts that attorney Coucn labored under a direct conflict of interest during counsel's representation of him, because Couch had represented Sade Clark, a person of interest who would be used by the Government as a witness against him. (ECF No. 637 at 12.)

In criminal cases, an attorney's conflict of interest may deprive a defendant of his Sixth Amendment right to assistance of counsel. *Strickland,* 466 U.S. at 692;

*Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).    The existence of a conflict of interest does not automatically require reversal.    *Mickens v. Taylor*, 535 U.S. 162, 168 (2002).    A conflict of interest will rise to the level of reversible constitutional error only if the defendant has demonstrated that "an actual conflict of interest adversely affected his lawyer's performance."    *Id.* (*citing Cuyler*, 446 U.S. at 348–349). Prejudice is presumed when there is an actual conflict of interest.    *Id.* at 172 n.5 (*citing United States v. Cronic*, 466 U.S. 648, 662 n. 31 (1984)).

The Government maintains that Defendant's assertion of any conflict is factually incorrect.    Ms. Clark was neither a co-defendant nor known federal conspirator and the Government had no intention of using her to provide evidence against him.    (ECF No. 653 at 15.)    Attorney Couch explains in his affidavit that he had previously represented Ms. Clarke, whom he characterized as a "companion" of co-defendant Dexter Locke, but that Couch had no reason to believe Clarke was involved in this case, nor had counsel seen her name mentioned anywhere in the discovery materials.    (ECF No. 653-1 at 4.)    Having shown no conflict, Ries is not entitled to relief.

Ground Eight

In a claim raised in the memorandum and affidavit but not on the § 2255 claim form, Ries contends that counsel was constitutionally ineffective because he failed to file an appeal upon request.

A lawyer who disregards a client's specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable.   *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).   If a defendant does not instruct counsel to file an appeal, the court must consider a "separate, but antecedent, question:   whether counsel in fact consulted with the defendant about an appeal."   *Id.* at 478.   The term "consult" encompasses "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."   *Id.*   Even if counsel does not consult, the law requires a secondary inquiry as to "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.*

The *Flores-Ortega* Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal.   Rather, counsel has "a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for

example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.    Whether the conviction follows a trial or guilty plea is also highly relevant, although not dispositive.    This is because "a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."    *Id.*

Upon imposing sentence in this case, the district judge advised Ries of his appellate rights, the time limitation for filing an appeal, and that his attorney would consult with him about the appeal.    (ECF No. 587 at 52.)    Ries asserts that "immediately thereafter" he "requested counsel to file an appeal, and that he understood that an appeal would be filed."    (ECF No. 637 at 13; ECF No. 639 at 1.)    Ries now contends that counsel was constitutionally ineffective by disregarding this specific request as well as failing to consult with him about an appeal.    (ECF No. 637 at 13.)

The Government maintains in its response that Ries chose to forgo the right to appeal in favor of attempting to cooperate with the Government.    (ECF No. 653 at 15-16.)    Attorney Couch avers in his affidavit that after meeting with Ries on April 7, 2015, Defendant told him not to file an appeal because Defendant wanted

to try to earn a Rule 35 motion.    (ECF No. 653-1 at 6.)    The record does not

contain a letter memorializing this conversation, but April 7 was four days after

Defendant's sentencing, and thus after Ries' purported "immediate" post-sentencing

request that counsel file an appeal.    Counsel's description of this post-sentencing

meeting also contradicts Ries' assertion that no "consultation" took place.    Mr.

Couch's statement about Ries' desire to cooperate is arguably corroborated by the

May 6, 2015, correspondence from attorney Barry Beroset to Assistant United States

Attorney Goldberg.    (ECF No. 653-2.)    Mr. Beroset's letter, redacted to conceal

specific information Defendant wished to provide to law enforcement, closed by

indicating that Ries wanted "to cooperate as much as he can."    (ECF No. 653-2 at

3.)    Mr. Goldberg responded to Mr. Beroset by noting that Mr. Ries had provided

false information to law enforcement during debriefings, which led to the court

adjusting his sentence for obstruction of justice and that the Government needed to

evaluate any subsequent attempts at cooperation against this backdrop.    (ECF No.

653-3.)

Because the record undermined Ries's claim, the court directed him to file a

reply.    Ries did not comply with the court's order, either to provide additional detail

about his claim or to disavow the assertions in his § 2255 motion.    Thus, even

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

assuming the truth of the tardy allegation concerning an immediate request to appeal, the record now contains unchallenged evidence that days later, in consultation with counsel, Defendant decided to forgo an appeal and instead attempt to cooperate with the Government.   Counsel was not constitutionally ineffective and an evidentiary hearing is unnecessary.

<u>Conclusion</u>

For all of the foregoing reasons, Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The motion to vacate, set aside, or correct sentence (ECF No. 635) be DENIED.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 25th day of September, 2018.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:14cr98/MCR/CJK; 3:16cv146/MCR/CJK